IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>BARRY M. JOHNSON (07),<br><br>     Defendant. | Case No. 15-40086-07-DDC |

ORDER ON DEFENDANT'S MOTION TO REVIEW
AND REVOKE DETENTION ORDER

  Invoking 18 U.S.C. § 3145(b), defendant Barry Johnson has asked the court to review and revoke Judge Sebelius' Detention Order. Mr. Johnson's motion (Doc. 108) seeks review both of Judge Sebelius' original Detention Order (Doc. 61) and his later determination, as memorialized in the Clerk's Courtroom Minute Sheet for the June 2, 2016 hearing (Doc. 94). The government contends that Mr. Johnson's request to review the original detention order is untimely. *See* Doc. 118 at 3. The court does not find it necessary to address this timeliness argument, however. The court has reviewed all briefing and argument about the issue of pretrial detention and, for reasons explained in this order, the court denies Mr. Johnson's motion.

A.  **Legal Standard**

  In large measure, the parties agree about the legal standard that governs Mr. Johnson's motion. The court may detain a defendant pending trial "[i]f, after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e)(1). The first factor in this provision—risk of flight—is measured by the

preponderance of the evidence standard.  The second one—safety of others and the community—requires the government to provide clear and convincing evidence.  *United States v. Cisneros*, 328 F.3d, 610, 616 (10th Cir. 2003).

When probable cause exists, certain crimes create a rebuttable presumption that no condition or combination of conditions will suffice.  *See* 18 U.S.C. § 3142(e)(3).  Here, the grand jury found probable cause exists to believe that Mr. Johnson committed one of the enumerated crimes giving rise to such a presumption.  *Compare* Doc. 1 at 4 (Count I of the Indictment, charging Mr. Johnson of conspiring to violate 18 U.S.C. § 1591(a) (conspiracy to entice persons under age 18 to engage in commercial sex acts) *and* § 18 U.S.C. 3142(e)(3)(E) (enumerating 18 U.S.C. § 1591 as one of the offenses creating the rebuttable presumption).  As our Circuit has explained, "Once the presumption under [this] section comes into play, the burden of production, but not persuasion, shifts to the defendant."  *United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989).  This burden is not a heavy one, but to rebut the presumption a defendant must "produce some evidence," *id.*, and even if he does, this presumption "does not disappear, but rather remains as a factor for consideration in the ultimate release or detention determination."  *Id.*

The parties also agree that four touchstones guide the court's evaluation of the two principle factors controlling the detention decision.  They are:

1. the nature and circumstances of the offense charged (including whether the asserted offense involves a minor victim);

2. the weight of the evidence against the defendant;

3. the defendant's "history and characteristics," including his character, condition, family ties, employment, financial resources, duration of residence in the community, community ties, history of drug or alcohol abuse, criminal history, and record for appearing at court hearings, his

      status at arrest (was the defendant on probation, parole or other pretrial release or other completion of sentence factors for prior crimes);

4. the nature and seriousness of any danger that releasing the defendant would pose for others or the community.

18 U.S.C. § 3142(g).

Finally, on review by a district judge, the *de novo* standard applies. It permits no deference to the magistrate judge's findings. *United States v. Lutz,* 207 F. Supp. 2d 1247, 1251 (D. Kan. 2001). "A de novo evidentiary hearing, however, is not required. The district court may start from scratch and take relevant evidence or incorporate the record of the proceedings conducted before the magistrate judge including the exhibits attached." *Id.* (citations and internal quotation marks omitted). In Mr. Johnson's case, the court has utilized the material proffered to Judge Sebelius at the June 2, 2016 hearing. The court also listened to the record of this proceeding and considered the submissions made in the parties' papers.

**B.     Analysis**

As announced at the outset, the court has decided to detain Mr. Johnson pending trial on the charges against him. The court comes to this conclusion principally for the same reasons as Judge Sebelius.

First, the nature and circumstances of the offenses charged here favor detention. As already recited, the grand jury found probable cause to believe that Mr. Johnson committed a crime giving rise to a presumption of pretrial detention—conspiracy to violate 18 U.S.C. § 1591 with a minor victim. *See* § 3142(e)(3)(E). The defendant has come forward with nothing to offset the congressional findings embedded in this statutory presumption. So, it favors detention pending trial.

Second, Mr. Johnson's history and characteristics also favor detention. Pretrial Services reported that defendant was unemployed when arrested. It also reported that Mr. Johnson lacked

substantial resources. When interviewed, he disclaimed any income or assets—though he did claim he owned some recording studio equipment. And while the court cannot discern the nature of this property, it was insubstantial enough for Mr. Johnson to qualify for appointed counsel. Also, Mr. Johnson has a long history of drug abuse. Pretrial services reported that credible evidence of Mr. Johnson's use of many controlled substances, including crack cocaine, marijuana, unspecified "pills," and methamphetamine. Mr. Johnson's submissions do not address this concern. Mr. Johnson's criminal history is extensive. It includes convictions for violating a protective order (and subsequent revocation of the probation originally imposed as a sentence for this offense), criminal use of weaponry, theft, disobeying a lawful police order, and two convictions for aggravated burglary. Of particular concern is Mr. Johnson's failure to report to his Kansas probation officer.[1] This factor favors detention.

In contrast, one circumstance favors Mr. Johnson's release. He was taken into federal custody on November 12, 2015. The case's complexity recently required the court to continue the trial date until December 6, 2016. This means that Mr. Johnson's pretrial detention will consume more than a year. This is a matter of significant concern to the court. It is, at best, regrettable and it disfavors continued pretrial detention.

On the other touchstones that govern the detention/release decision, the court reaches the same conclusion as Judge Sebelius. Specifically, the record here does not permit the court to assess the strength of the case against Mr. Johnson. This factor is neutral and the court explicitly disclaims any reliance on this factor. And though the court has concerns about several aspects of

---

[1] Mr. Johnson provides extensive explanation of circumstances that mitigate his failures to report. *See* Doc. 108 at 5-6 (citing a hospital stay that kept him from making a required appointment with his probation officer). The court understands that an immobilizing health condition could interfere with a required appearance. But Mr. Johnson never explains why he could not have notified his probation officer of his condition by telephone and requested a postponement of his appearance.

Mr. Johnson's criminal history, it cannot say that he poses, if released, a serious risk of danger to others in the community.

The court concludes that the unrebutted presumption of detention enacted by Congress, combined with Mr. Johnson's history and characteristics, carry the day for the government. This is not a one-sided decision, for Mr. Johnson and his attorney have made thoughtful arguments that Mr. Johnson will not flee. And, as already referenced, the duration of pretrial detention concerns the court. But the length of his detention results in substantial measure from one of Mr. Johnson's co-defendants who needed more time to prepare. Balancing all of these interests, the court reluctantly finds that the government has carried its burden to show by a preponderance of the evidence that no condition or combination of conditions reasonably will assure Mr. Johnson's appearance as required. This finding, when combined with the presumption Congress created against release for certain charges, including one of the charges against Mr. Johnson, leads the court to overrule Mr. Johnson's motion for review (Doc. 108). Mr. Johnson shall be detained consistent with part D of Judge Sebelius' Order dated November 17, 2015 (Doc. 61) pending trial or further order of this court.

**THEREFORE, defendant Barry Johnson's Motion for Reconsideration of Order of Detention (Doc. 108) is overruled.**

**IT IS SO ORDERED.**

**Dated this 19th day of July, 2016, at Topeka, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**